# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ROBERTA PLEASANT and MERILL PLEASANT, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 6:14-cv-03332-MDH ) |
| NOBLE FINANCE CORPORATION and KERRY WILLIAMS, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Motion to Remand (Doc. 9). The Court, after full and careful consideration of the issues raised legal arguments provided by the parties, hereby **GRANTS** Plaintiffs' motion to remand (Doc. 9).

## BACKGROUND

On May 22, 2014, Plaintiffs filed a petition in the Circuit Court of Greene County, Missouri. The facts giving rise to Plaintiffs' action surround two loans that were issued by Defendant Noble Finance Corporation ("Noble Finance") to Plaintiffs, which totaled $900. Plaintiffs allege that, after the loans were dispersed, Defendants harassed Plaintiffs by repeatedly demanding repayment via phone calls to their home, phone calls to their relatives, and aggressive "field visits." The petition alleges that the purported harassment continued even despite Plaintiffs' request(s) that Defendants cease such contacts.

Plaintiffs seek to state causes of action against both Noble Finance and Kerry Williams, the manager of the corporation, for (1) violation of the Missouri Merchandising Practices Act

1

(MMPA), and (2) invasion of privacy. According to the petition, the alleged harassment caused Plaintiff Roberta Pleasant to suffer "medically diagnosable and medically significant emotional distress," it caused Plaintiff Merrill Pleasant "to suffer and continue to suffer loss of society, consortium, companionship, love, affection, support and care of his wife," and it caused the Plaintiffs to suffer "actual damages in the form of ascertainable losses of money as a result of Defendants' unfair practices." Plaintiffs seek judgment in their favor "in an amount that is fair and reasonable" and that includes punitive damages, attorneys' fees, costs, and any other relief to which they may be entitled.

On July 24, 2014, Defendant Noble Finance filed a notice of removal seeking to litigate the case in federal court on the basis of diversity of citizenship.[1] Defendant's notice of removal alleges that the Plaintiffs are citizens of Missouri, Defendant Noble Finance is a citizen of Texas, and Defendant Williams is a citizen of Missouri. The notice argues, however, that Defendant Williams was fraudulently joined and therefore his Missouri citizenship should be disregarded for diversity purposes. According to Defendant, "there is no 'reasonable basis supporting' the claims [against Defendant Williams] as a matter of law." Specifically, Defendant argues the MMPA claim against Defendant Williams is "unsound" because the petition contains no allegation of wrongdoing on the part of Defendant Williams at or before the time the loans were provided to Plaintiffs, as required by law. Defendant further asserts that the petition is "void of any allegations" supporting an action for unreasonable intrusion into Plaintiffs' seclusion because the allegations do not involve a private subject matter, a right to keep the relevant information private, or an intrusion that is objectionable to a reasonable man. The notice of removal further states that the amount-in-controversy requirement is satisfied because Plaintiffs

---

[1] Consent of an allegedly fraudulently-joined party is not required for removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").

2

Case 6:14-cv-03332-MDH   Document 20   Filed 10/10/14   Page 2 of 13

seek at least $25,000 in actual damages,[2] in addition to recoverable punitive damages and attorney fees.

On August 22, 2014, Plaintiffs filed a motion to remand. Plaintiffs argue remand is appropriate because (1) Defendant Williams was not fraudulently joined, and (2) Defendant Noble failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. As to their first point, Plaintiffs cite a recent decision from the Supreme Court of Missouri, decided after Defendant filed its notice of removal, that held an MMPA plaintiff need not show the alleged wrongdoing occurred at or before the time the loans were provided; instead, "the sale of a loan lasts until the last service is performed or the loan is repaid." As to their second point, Plaintiffs argue that Defendant's "unsupported and speculative argument" concerning damages is insufficient to allow removal because Defendant failed to present specific facts or evidence to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In opposition to Plaintiffs' motion to remand, Defendant restates that the petition fails to state a valid cause of action against Defendant Williams. Defendant argues that, under the MMPA, Plaintiffs failed to show that they purchased any merchandise from Defendant Williams or that they suffered an "ascertainable loss of money or property." Under the tort of invasion of privacy, Defendant argues that Plaintiffs failed to plead sufficient facts to support any of the three required elements. Finally, as to the amount in controversy, Defendant cites Plaintiffs' initial settlement demand of $49,000 and argues that, adding in the requested punitive damages and attorney fees, a fact finder might legally conclude the total damages are greater than

---

[2] Defendant bases this assertion on the fact that Plaintiffs filed their state court action in circuit court as opposed to associate circuit court.

$75,000. Defendant asserts that the burden shifted to Plaintiffs to show that it is legally impossible to recover more than $75,000 and Plaintiffs failed to meet that burden.

In reply to Defendant's suggestions in opposition of remand, Plaintiffs argue: (1) Defendant impermissibly raised new arguments not provided in its notice of removal, (2) Defendant failed to show the amount in controversy exceeds $75,000 because the only facts/evidence provided was the settlement demand, which included actual damages as well as punitive damages and attorney fees, (3) Plaintiffs pleaded ascertainable damages under the MMPA, and (4) Plaintiffs sufficiently pleaded a cause of action for invasion of privacy.

## STANDARD

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

"The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Removal under section 1332(a)(1) typically requires complete diversity of citizenship; however, "a federal court will not allow removal to be defeated by the collusive or fraudulent joinder of a resident defendant." *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995). To establish fraudulent joinder,

the defendant must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (quoting *Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). The plaintiff's motive is immaterial; rather, courts focus on whether the petition states a legal and factual basis to recover against the non-diverse defendant. *See Gillette v. Koss Const. Co.*, 149 F.Supp. 353, 355 (W.D. Mo. 1957). Courts may pierce the pleadings in order to determine the issue of fraudulent joinder. *Parnas v. General Motors Corp.*, 879 F.Supp. 91, 93 (E.D. Mo. 1995).

In addition to complete diversity, a defendant removing on the basis of diversity of citizenship must show that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" *Id.* at § 1446(c)(2). However, where the plaintiff does not demand a specific sum, the federal court may retain jurisdiction if defendant proves "by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Id.* To meet its burden, the defendant must present "some specific facts or evidence" to prove that the amount in controversy exceeds the jurisdictional amount. *Harris v. TransAmerica Life Ins. Co.*, No. 4:14-CV-186 CEJ, 2014 WL 1316245 at *1 (E.D. Mo. Apr. 2, 2014). "[T]he question is not whether the damages will exceed the jurisdictional amount, but whether a fact finder might legally find that the damages exceed that amount." *Walz v. FedEx Office & Print Servs., Inc.*, No. 2:12-CV-04188-NKL, 2012 WL 5386058 (W.D. Mo. Nov. 2, 2012). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

5

Case 6:14-cv-03332-MDH   Document 20   Filed 10/10/14   Page 5 of 13

## ANALYSIS

Plaintiffs argue that removal here is improper because Defendant Noble Finance failed to establish the Court's original jurisdiction by a preponderance of the evidence. Specifically, Plaintiffs argue that the alleged diversity jurisdiction is inappropriate because (1) Defendant Williams was not fraudulently joined and therefore complete diversity is lacking, and (2) Defendant Noble Finance failed to present sufficient facts or evidence to show that the amount in controversy exceeds $75,000. The Court will address these arguments in turn.

As an initial matter, it is necessary to address Plaintiffs' argument that the Court may not consider certain of Defendant's arguments because they are untimely. Plaintiffs claim that Defendant Noble Finance's filing in response to Plaintiff's motion to remand and in support of removal "wholly abandons its previous argument and asserts a new MMPA fraudulent joinder argument." Plaintiffs are correct that Defendant changed its theory for why Plaintiffs failed to assert a valid MMPA cause of action against Defendant Williams.[3] However, Defendant did not change its theory for why the court has original jurisdiction; namely, that diversity of citizenship exists because Defendant Williams was fraudulently joined.

In similar situations, district courts have allowed consideration of the "new" or "changed" argument. *See Orrick v. Smithkline Beecham Corp.*, No. 4:13CV2149 SNLJ, 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014) (considering change in fraudulent joinder theory)[4];

---

[3] As stated supra, Defendant first alleged that Williams was fraudulently joined because MMPA actions only apply to conduct that occurred before or at the initial sales transaction. After receiving Plaintiff's motion to remand, Defendant argued for the first time that Plaintiffs failed to show an ascertainable loss of money or property.

[4] "Plaintiffs have opposed the filing of the amended notice of removal arguing that it is untimely and attempts to assert a new basis for removal. It appears, however, that plaintiffs are taking a narrow view of the issue. In both the original notice of removal and the amended notice of removal, the basis for removal is diversity and defendants allege that the sole non-diverse plaintiff is fraudulently joined and fraudulently misj oi ned [sic]. This is not a case where removal was originally based on diversity and then later the removing party attempts to allege jurisdiction based on federal question. Nor is it a case where the removing defendant alleges jurisdiction based on federal question and then later attempts to allege jurisdiction based on a different statute for federal question." *Id.* at *4.

*Abrams v. Olin Corp.*, 248 F.R.D. 283, 288-89 (S.D. Ala. 2007) (considering change in fraudulent joinder theory); *cf. Whitehead v. The Nautilus Grp., Inc.*, 428 F. Supp. 2d 923, 928-29 (W.D. Ark. 2006) (refusing to consider change from diversity to federal question); *but see Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 937 (S.D. Ill. 2006) (refusing to consider change in fraudulent joinder theory). Based on relevant case law and the recommendation to review notice of removal liberally,[5] the timing of the Supreme Court of Missouri decision overruling Defendant's initial argument,[6] and the adequacy of time that Plaintiff had to respond to Defendant's new theory for fraudulent joinder, the Court will consider Defendant's later arguments in support of removal.

### A. Complete Diversity

To assess complete diversity, the Court must determine whether Defendant Williams was fraudulently joined. If Defendant Williams was fraudulently joined, complete diversity exists between the remaining parties. If Defendant Williams was not fraudulently joined, complete diversity is lacking because both Plaintiffs and Defendant Williams are citizens of Missouri.

In determining whether Defendant Williams was fraudulently joined, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. "If it is *clear* under governing state law that the complaint does not state a cause of action against the

---

[5] As stated in the leading treatise on federal practice:

> Although courts sometimes have said that the requirements of the jurisdictional statement are strict, and that a "mere conclusion" is insufficient, the better rule is that detailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient if the court is provided the facts from which its jurisdiction can be determined. Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal.

14C Charles A. Wright, Arthur R. Miller & Edward Cooper, Federal Practice and Procedure § 3733 (4th ed.).

[6] Here, Defendant's notice of removal was filed July 24, 2014, the Supreme Court of Missouri explicitly overruled the cases relied upon by Defendant on August 19, 2014, and Plaintiffs filed their motion to remand August 22, 2014.

7

non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Id.* at 810 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977)). Alternatively, "[w]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* at 811.

Here, Defendant Noble Finance argues that Plaintiffs failed to state a viable cause of action against Defendant Williams under either the MMPA or the tort of invasion of privacy. The Court finds that "there is arguably a reasonable basis for predicting that the state law might impose liability" on Defendant Williams under the MMPA. Therefore, the case must be remanded and the Court need not address the sufficiency of Plaintiffs' invasion of privacy claim.

The MMPA prohibits the "act, use or employment by any person" of any unfair or deceptive practice "in connection with the sale or advertisement of any merchandise." Mo. Rev. Stat. § 407.020.1.[7] The use of an unlawful practice is prohibited under the MMPA "whether committed before, during or after the sale, advertisement or solicitation" so long as it was made "in connection with" the sale. *Id.* To state a cause of action under the MMPA, a plaintiff must show that he: "(1) purchased merchandise (which includes services) from the defendants (2) for personal, family, or household purposes and (3) suffered an ascertainable loss of money or property (4) as a result of an act declared unlawful under section 407.020." *Edmonds v. Hough*, 344 S.W.3d 219, 223 (Mo. Ct. App. 2011).

---

[7] The term "unfair practice" means a practice that either offends public policy "established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission or its interpretive decisions" or is "unethical, oppressive, or unscrupulous", and "presents a risk of, or causes, substantial injury to consumers." 15 C.S.R. 60-8.020.

Defendant first argues that the petition is devoid of any facts that show Defendant Williams was involved in an act "in connection with" the sale of merchandise. Defendant's argument reasons that because Defendant Williams was alleged only to have participated in collecting the loans *after* the loans were issued, Plaintiff failed to assert any alleged unlawful practice committed by Defendant Williams either *before or during* issuance of the loans, as required under Missouri law. However, as cited by Plaintiffs and discussed supra, the Supreme Court of Missouri rejected that rule. *Conway v. CitiMortgage, Inc.*, No. SC93951, 2014 WL 4086671 (Mo. Aug. 19, 2014). Rather, in a loan situation, the Court held that the duties of the parties continue throughout the life of the loan; therefore, "the sale continues throughout the time the parties perform their duties" and "a party's right to collect a loan is part of that sale and is . . . 'in connection with' the loan." *Id.* at *3. Thus, Defendant's first ground asserted for failure to state a cause of action against Defendant Williams under the MMPA is unavailing.

Defendant next argues that Plaintiffs failed to state a viable action against Defendant Williams under the MMPA because the petition alleges only that Plaintiffs received a loan from Noble Finance, not that Plaintiffs purchased any merchandise from Defendant Williams. Here, the loans at issue were clearly purchased from Defendant William's employer, Noble Finance. The MMPA exhibits an intention to hold a corporate seller's agents and employees responsible for unlawful acts committed in connection with the sale of the corporation's merchandise. For example, the term "person" as defined in the statute includes "any for-profit or not-for-profit corporation . . . and any agent, employee . . . thereof." *Id.* at § 407.010(5). Furthermore, the "in connection with" language as interpreted in *Conway* indicates that the defendant's actions must have some relationship to the sale but that the defendant need not necessarily be the seller. 2014

9

Case 6:14-cv-03332-MDH   Document 20   Filed 10/10/14   Page 9 of 13

WL 4086671 at *3-4.[8] For example, the court held that actions are permissible against both loan originators and loan servicers, even where they are different entities. *Id.* Thus, Defendant's second argument is similarly ineffective.

Finally, Defendant argues that Plaintiffs failed to state a cognizable MMPA claim against Defendant Williams because the petition does not allege an "ascertainable loss of money or property" as a result of the supposed unlawful act. Defendant argues that MMPA recovery incudes only ascertainable pecuniary losses and not damages for emotional distress, loss of consortium, etc. *Ford v. St. Louis Metro. Towing, L.C.*, No. 4:09CV0512TCM, 2010 WL 618491, at *15 (E.D. Mo. Feb. 18, 2010). Because Plaintiffs did not pay even the full pre-interest amount of the loans ($900), Defendant argues that Plaintiffs actually received a benefit and failed to allege an "ascertainable loss of money or property," which is an essential element to assert an MMPA violation. Plaintiffs counter that MMPA precedent indicates that personal injuries, such as Plaintiff's medically diagnosable emotional distress, are recoverable because the purpose of the MMPA is to "supplement the definitions of fraud in an attempt to preserve fundamental honest, fair play and right dealings in public transactions" and therefore courts allow remedies under common law fraud, including personal injury damages. *See Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 967-68 (W.D. Mo. 2006).

Missouri law is, at minimum, unclear on the issue. As Defendant stated, a cognizable MMPA action requires the plaintiff to prove that he suffered an ascertainable loss of money or property. Mo. Rev. Stat. § 407.025.1. The loss(es) must be sufficiently definite and certain to support a monetary award. *See Ford*, 2010 WL 618491 at *13 (E.D. Mo. Feb. 18, 2010). While

---

[8] The opinion notes that to state a claim under the MMPA, the plaintiff must allege "a relationship between the [unlawful practice] and the [sale]." *Id.* at *3. Furthermore, the plaintiff must allege that "(1) *made a purchase*; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property as a result of an act declared unlawful by section 407.020." *Id.* at *3, n.3 (emphasis added).

10

the ascertainable loss requirement may be satisfied where it is "uncertain or difficult to qualify damages," the requirement is not satisfied where plaintiff claims "speculative, non-pecuniary harm or where he alleges no out-of-pocket costs." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4345446, at *2-3 (N.D. Cal. Sept. 15, 2011) (collecting cases). In MMPA cases, Missouri courts refer to fraud-based remedies including compensatory and consequential damages. *Sunset Pools of St. Louis, Inc. v. Schaefer*, 869 S.W.2d 883, 886 (Mo. Ct. App. 1994). Compensatory damages are usually calculated using the benefit of the bargain rule; however, "where the benefit of the bargain rule is inadequate, other measures of damages may be used." *See Kerr v. Vatterott Educ. Centers, Inc.*, No. WD76903, 2014 WL 4192731 (Mo. Ct. App. Aug. 26, 2014).

Here, the petition expressly claims that Plaintiffs suffered "actual damages in the form of ascertainable losses of money as a result of Defendants' unfair practices." The petition specifically claims damages for "medically diagnosable and medically significant emotional distress." Court decisions are unclear whether damages for emotional distress are recoverable under the MMPA.[9] Assuming Plaintiffs can prove causation, it appears possible that Plaintiffs can submit medical bills relating to emotional distress that show an "ascertainable loss of money." Furthermore, because Plaintiffs' claims relate to allegedly harassing debt collection practices, as opposed to misrepresentation or fraud, Missouri courts may be more willing to accept emotional distress damages to further the goals of the MMPA.[10] In sum, because "the

---

[9] *Compare Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 967-68 (W.D. Mo. 2006) (holding that personal injuries, including emotional suffering resulting in physical injury, may be recoverable under the MMPA), *and Ford v. St. Louis Metro. Towing, L.C.*, No. 4:09CV0512TCM, 2010 WL 618491 (E.D. Mo. Feb. 18, 2010) (finding Plaintiff's claims for "loss of time, effort and earnings capacity, humiliation and emotional distress" unascertainable).

[10] The remedial measures in MMPA cases are "designed not only to remedy violations of the MMPA, but also prospectively to deter prohibited conduct and protect Missouri citizens." *Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 433 (Mo. 2013). Disallowing recovery for emotional distress in debt collection situations may not adequately deter Defendants' alleged harassment or protect Missouri citizens. Second, Missouri courts may want to

11

Case 6:14-cv-03332-MDH   Document 20   Filed 10/10/14   Page 11 of 13

sufficiency of the complaint against [Defendant Williams] is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 811 (8th Cir. 2003).

Based on the foregoing analysis, the Court finds that "there is arguably a reasonable basis for predicting that the state law might impose liability [on Defendant Williams] based upon the facts involved." Therefore, the Court cannot conclude that Defendant Williams was fraudulently joined. Because Defendant Williams was not fraudulently joined, his citizenship is properly considered and this case lacks complete diversity. Thus, this Court is without subject matter jurisdiction and the case must be remanded.

### B. Amount in Controversy

Furthermore, even assuming Defendant could properly assert complete diversity, Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant is correct that punitive damages and statutory attorney fees may be considered in calculating the amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001). However, Defendant presented no specific facts or evidence such that a fact-finder could reasonably conclude that the amount in controversy exceeds the jurisdictional amount. *See Harris v. TransAmerica Life Ins. Co.*, No. 4:14-CV-186 CEJ, 2014 WL 1316245 at *1 (E.D. Mo. Apr. 2, 2014). For example, Defendant did not proffer any analogous case law or hypothetical itemization of damages to show that the punitive damages

---

mirror FDCPA claims regarding damages in these circumstances. Per *Conway* and the cases that it overruled, it is clear that the MMPA applies in the debt collection context. The definition of "unfair practices" includes "a practice that . . . offends public policy established . . . the Federal Trade Commission." The FTC administers the FDCPA. Under the FDCPA, "[a] consumer who has suffered emotional distress has suffered 'actual damage,' even if the emotional distress was not severe." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1041 (D. Minn. 2010) *aff'd,* 413 F. App'x 925 (8th Cir. 2011).

12

and attorney fees, when added to the actual damages, would raise the sum over $75,000. Furthermore, as Plaintiffs persuasively assert, their previous settlement offer for $49,000 was inclusive of actual damages, punitive damages, and attorney fees; thus, Defendant's suggestion to add over $25,000 to this number for punitive damages and attorney fees is not convincing.

Because at least a $25,000 gap remains, and because Defendant offered no evidence to close that gap, the Court concludes that Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

## DECISION

Defendant Noble Finance failed to show by a preponderance of the evidence that federal jurisdiction in the present case is warranted. First, Defendant failed to establish fraudulent joinder because it is not clear under Missouri law that Plaintiffs improperly asserted an MMPA action against Defendant Williams. Second, Defendant failed to satisfy its burden to show the amount in controversy exceeds the jurisdictional threshold. For the above stated reasons, the Court hereby **GRANTS** Plaintiff's Motion to Remand (Doc. 9). The case is remanded to the Circuit Court of Greene County, Missouri. The Court **DENIES AS MOOT** Defendant's pending Motion to Dismiss (Doc. 11).

**IT IS SO ORDERED**.

Date: October 10, 2014

          */s/ Douglas Harpool*
          DOUGLAS HARPOOL
          UNITED STATES DISTRICT JUDGE